*417 OPINION OF THE COURT
Howard E. Levitt, J.
Petitioners McCann and Rinaldo have moved for the award of attorneys’ fees under 42 USC § 1988 as the prevailing parties on a Federal constitutional claim (see, 71 NY2d 164). Central to these proceedings are the former provisions of the Nassau County Administrative Code (hereinafter referred to as NCAC) pertaining to real estate tax enforcement procedures.
Petitioner Helen McCann lost to respondent Stone her 30-year residence worth approximately $175,000 for a tax debt of $864.50. In the case of Rinaldo, a home worth more than $90,000 was acquired by respondent Stone because of unpaid taxes of $463.92. Under the then tax collection enforcement provisions of the NCAC, each year the Nassau County Treasurer compiled a list of property for which taxes had not been paid for the previous year. Those taxes became a tax lien against each property. A date was then set for the sale of those tax liens. A list of the liens and a notification to property owners that they would be sold unless outstanding charges were paid by a certain date had to be published three times in newspapers of general circulation. The only provision in the code for notice to the property owner of the tax lien sale was by such publication. There was no provision for actual notice. If no payment was made by the specified date, the liens were sold by public auction to the bidder who would accept the lowest rate of interest on the outstanding balance. Respondent Stone acquired her interest in each property upon application to the Treasurer for a deed of conveyance (NCAC § 5-51.0). Alternatively, respondent Stone could have commenced a foreclosure proceeding to obtain title.
Each petitioner homeowner instituted a CPLR article 78 proceeding contending that they had been denied due process because: they had not received actual notice of the tax lien sales; had been denied any hearing before conveyance of the property; and, because the notice they did receive was inadequate to inform them of the situation. Both matters reached the Court of Appeals (71 NY2d 164, supra) which decided that the failure to provide petitioners with actual notice of the tax lien sales deprived them of due process of law. In its decision the Court of Appeals cited Mennonite Bd. of Missions v Adams (462 US 791), a 1983 decision by the Supreme Court which held that a county’s use of these indirect forms of notice (by *418 publication and posting) is not reasonable where there are inexpensive and efficient direct alternatives such as personal delivery or mailing. In a footnote to its decision the Court of Appeals stated (supra, 71 NY2d, at 176, n 3), "Mennonite did not establish new law, but rather carried forward a principle of fair notice made clear in Mullane” (Mullane v Central Hanover Trust Co., 339 US 306), which was decided nearly 40 years ago. The judgment of the Court of Appeals declared Nassau County’s real property tax provisions "unconstitutional and void as violative of the federal constitutional guarantee of due process of law * * * insofar as such provisions permitted Stone to obtain a treasurer’s deed * * * following notice by publication only of a sale of tax lien upon the property”. That provision of the judgment, in each case, establishes that petitioners were prevailing parties on a Federal constitutional claim and consequently are entitled to an award of reasonable attorneys’ fees under 42 USC § 1988 based upon a lodestar calculation of hours reasonably expended by counsel multiplied by the reasonable hourly rates charged by private counsel in matters of comparable complexity.
The claims against respondent John V. Scaduto, as Treasurer of Nassau County, have been resolved by settlement. Respondent Stone argues that she should not be held responsible under section 1988 for attorneys’ fees because she was simply a private tax lien purchaser who was neither a State actor nor a person acting under color of State law. However her actions subsequent to the tax sale in requesting and obtaining a treasurer’s deed from the county based upon constitutionally inadequate notice do constitute acting "under color of State law” as that phrase has been construed in Lugar v Edmondson Oil Co. (457 US 922 [1982]).
Stone could have, but did not, file a foreclosure action in court, as provided by NCAC § 5-58.0 et seq. Having chosen to obtain the deeds through the Treasurer’s extrajudicial assistance, her affirmative action was taken "under color of law”.
It is the contention of respondent Stone that petitioners are not entitled to an award of attorneys’ fees from her under 42 USC § 1988 due to the existence of "special circumstances”. In support of this contention she claims that she played "no part in the alleged constitutional violation and was powerless to prevent whatever violation may have been caused by Nassau County’s Administrative Code”. However, that contention is belied by the fact that the instant litigation was prompted by *419 her election to take a tax deed to each home, an action for which she alone bares full responsibility.
This court’s decision in the case of Rinaldo v Stone (index No. 26001/83, Feb. 27, 1984) gave her notice that any deed subsequently requested[1] would be open to serious constitutional attack. In its decision the court stated: "Of more vital concern, however, is the question as to whether the respective petitioners were afforded their constitutional rights to due process in connection with the purported sale * * * of the tax liens” (emphasis supplied). Respondent Stone cannot therefore assert that she was not aware,[2] when requesting the tax deed from the Treasurer in the matter of McCann, that her action would invite litigation.
Motions by petitioners McCann and Rinaldo for an order pursuant to 42 USC §§ 1983 and 1988 directing respondent Stone to pay attorneys’ fees and expenses are granted.
That portion of the compensatory fee attributable to respondent Stone, within the parameters of a "lodestar” calculation of hours expended multiplied by a reasonable hourly rate, the court determines to be in the amount of $20,000.

. Respondent Stone requested a deed of conveyance to Mrs. McCann’s property from the Treasurer on June 26, 1984.

. She had affirmatively argued that the code provisions were not deficient if, despite the absence of a requirement of notice by mail, such notice was in fact given by the Nassau County Treasurer.